J-A18042-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SHANE DAVID RISJAN, | : | |
| | : | |
| Appellant | : | No. 1152 MDA 2014 |

Appeal from the Order entered on June 17, 2014
in the Court of Common Pleas of Dauphin County,
Criminal Division, No. CP-22-CR-0000410-2008

BEFORE:  FORD ELLIOTT, P.J.E., STABILE and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                **FILED JULY 28, 2015**

Shane David Risjan ("Risjan"), *pro se*, appeals from the Order denying

his "Petition Pursuant to the Post Conviction Relief Act [("PCRA")[1]] and

Motion for Writ of *Habeas Corpus*."[2]  We affirm.

In March 2009, a jury found Risjan guilty of involuntary deviate sexual

intercourse with a minor under the age of 13 ("IDSI"), indecent assault,

indecent exposure, and corruption of minors.  On June 29, 2009, the trial

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

[2] To the extent that Risjan's Petition sought *habeas corpus* relief, it is well established that "[t]he PCRA … subsumes the remed[y] of *habeas corpus*" where the PCRA provides a remedy for the claim.  **Commonwealth v. Turner**, 80 A.3d 754, 770 (Pa. 2013); **see also** 42 Pa.C.S.A. § 9542 (providing that "[t]he action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus*[.]").  Because the PCRA provides a remedy for Risjan's claims, we hereafter refer to Risjan's Petition as "the PCRA Petition."

court sentenced Risjan to serve an aggregate prison term of ten to twenty years. Notably to the instant appeal, the trial court imposed this sentence pursuant to the mandatory minimum sentencing provision at 42 Pa.C.S.A. § 9718(a)(1) (requiring a mandatory minimum sentence of ten years for an offender convicted of IDSI). Risjan did not file any post-sentence motions or a direct appeal.

Over two years later, in August 2011, Risjan retained the services of Anthony A. Logue, Esquire, and James Pitonyak, Esquire (collectively, "PCRA counsel"), to file a PCRA petition. On May 7, 2012, PCRA counsel filed the instant PCRA Petition, alleging ineffectiveness by Risjan's trial counsel for, *inter alia*, failing to file post-sentence motions and a requested direct appeal.[3]

The PCRA court conducted two evidentiary hearings on the PCRA Petition, wherein testimony was presented by Risjan, his trial counsel, and Risjan's grandmother (who had paid for trial counsel's services).[4] On June

---

[3] Additionally, the PCRA Petition asserted that Risjan was entitled to (1) *habeas corpus* relief under the federal and state constitutions; and/or (2) reinstatement of his direct appeal rights, *nunc pro tunc*, based on trial counsel's alleged ineffectiveness.

[4] At the evidentiary hearings, Risjan and his grandmother testified that they had asked trial counsel to file a direct appeal. Trial counsel disputed their claims, asserting that he (1) had informed Risjan and his family that counsel was too emotionally involved concerning Risjan's case, and would not represent Risjan for purposes of an appeal; and (2) would refer Risjan to another attorney. Additionally, the fee agreement between Risjan and trial counsel did not provide that trial counsel would represent Risjan on appeal.

17, 2014, the PCRA court entered an Order denying the PCRA Petition, concluding it lacked jurisdiction because the Petition was untimely filed, and Risjan had not pled or proven any of the timeliness exceptions under the PCRA. On July 11, 2014, PCRA counsel timely filed a Notice of Appeal on Risjan's behalf.[5]

On November 12, 2014, Risjan filed in this Court a *pro se* "Motion to Remove [PCRA] Counsel and to Proceed from a *Pro Se* Standing" (hereinafter "Motion to proceed *pro se*"). In response, this Court entered an Order directing the PCRA court to conduct a hearing, pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), to determine if Risjan's choice to proceed without counsel was made knowingly, intelligently, and voluntarily. After the **Grazier** hearing, the PCRA court granted Risjan's Motion to proceed *pro se* on appeal.

On appeal, Risjan presents the following issues for our review:

I. Whether [Risjan] was denied the effective assistance of [] PCRA counsel where, following [counsels'] retention, [they] abandoned [Risjan] for nearly a year, failing to timely seek PCRA review on [Risjan's] behalf?

II. Whether [Risjan] is entitled to vacation of his sentence based upon this Court's holding in **Commonwealth v. Wolfe**, [106 A.3d 800] ([Pa. Super.] 2014)?

Brief for Appellant at 4 (capitalization omitted).

This Court examines PCRA appeals in the light most favorable to the prevailing party at the PCRA level. Our review

---

[5] The PCRA court did not order Risjan to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

is limited to the findings of the PCRA court and the evidence of record. Additionally, we grant great deference to the factual findings of the PCRA court[,] and will not disturb those findings unless they have no support in the record. In this respect, we will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. However, we afford no deference to its legal conclusions. [W]here the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary.

***Commonwealth v. Henkel***, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*) (internal citations, quotation marks and brackets omitted); ***see also id.*** (stating that the question of "[w]hether a claim of PCRA counsel ineffectiveness can be raised for the first time on appeal is a question of law.").

Here, Risjan acknowledges that (1) the PCRA Petition, filed in May 2012, is facially untimely because his judgment of sentence became final approximately three years prior, in July 2009; and (2) PCRA counsel did not plead in the PCRA Petition any of the three exceptions to the PCRA's jurisdictional time limitation set forth at 42 Pa.C.S.A. § 9545(b)(1)(i-iii) (collectively, "the time bar exceptions"). **See** Brief for Appellant at 7, 9. However, Risjan argues in his first issue that PCRA counsel was ineffective for (1) waiting nearly a year to file the PCRA Petition, after having been privately retained by Risjan's family for this precise purpose; and (2) failing to invoke in the PCRA Petition any of the time bar exceptions. **Id.** Accordingly, Risjan urges this panel to

find[] … that the conduct of … PCRA counsel was deficient, and [] remand to the [PCRA] court, giving [Risjan] the opportunity to

- 4 -

amend his [PCRA P]etition to include an exception to the one-year time requirement, both in terms of trial counsel's abandonment in failing to file requested post-sentence motions and a direct appeal, as well as PCRA counsels' abandonment in waiting nearly a year before eventually filing a PCRA [P]etition [that] invoked none of the [time bar] exception[s] ….

*Id.* at 7-8.

It is well established that claims of PCRA counsel's ineffectiveness may not be raised for the first time on appeal. *See Henkel*, 90 A.3d at 20, 22-30 (thoroughly discussing Pennsylvania precedent holding that an appellant may not raise claims of PCRA counsel ineffectiveness for the first time on appeal); *see also Commonwealth v. Ford*, 44 A.3d 1190, 1200-01 (Pa. Super. 2012) (stating that "issues of PCRA counsel effectiveness must be raised in a serial PCRA petition or in response to a notice of dismissal before the PCRA court. Therefore, … claims of PCRA counsel ineffectiveness cannot be raised for the first time after a notice of appeal has been taken from the underlying PCRA matter."); *see also* Pa.R.A.P. 302(a) (stating that a claim cannot be raised for the first time on appeal).

In the instant case, Risjan never asserted PCRA counsels' ineffectiveness prior to the denial of the PCRA Petition and PCRA counsels' filing of a Notice of Appeal on Risjan's behalf.[6] Accordingly, because Risjan raised this claim for the first time on appeal, we are constrained to conclude

---

[6] Moreover, Risjan did not challenge PCRA counsels' representation at the *Grazier* hearing, conducted after the appeal was filed.

- 5 -

that it is unreviewable under **Ford** and **Henkel**.[7]  Moreover, though we express no opinion as to the merits of Risjan's claim of PCRA counsels' ineffectiveness, Risjan retains the right to raise this claim in a subsequent PCRA petition, and/or invoke any of the time bar exceptions.  **See Commonwealth v. Jette**, 23 A.3d 1032, 1044 n.14 (Pa. 2011) (stating that "[w]hile difficult, the filing of a subsequent timely PCRA petition [alleging ineffectiveness of PCRA counsel] is possible, and in situations where a[] [time bar] exception … can be established[,] a second [PCRA] petition filed beyond the one-year time bar may be pursued.").

In his second issue, Risjan argues that the PCRA court improperly denied his PCRA Petition because the sentencing court had imposed an illegal sentence by applying the mandatory minimum sentencing provision under section 9718(a)(1) of the Sentencing Code.[8]  **See** Brief for Appellant at 15-16.  In support, Risjan relies upon this Court's recent decision in **Wolfe**, 106 A.3d at 805-06 (holding that section 9718 is void in its entirety and facially unconstitutional based upon the United States Supreme Court's decision in **Alleyne v. U.S.**, 133 S. Ct. 2151 (2013), which held that any "fact" that increases a mandatory minimum sentence must be treated as an

---

[7] Additionally, we have reviewed Risjan's argument that **Henkel** is distinguishable, **see** Reply Brief for Appellant at 3-4, but find that **Henkel** is on-point and controlling.

[8] Notably to Risjan's issue, subsection (c) of section 9718 provides, *inter alia*, that "[t]he provisions of this section shall not be an element of the crime ….  The applicability of this section shall be determined at sentencing." 42 Pa.C.S.A. § 9718(c).

element of the crime that must be submitted to a jury, not a sentencing court, and found beyond a reasonable doubt).

Because Risjan did not allege any of the time bar exceptions in his facially untimely PCRA Petition, we lack jurisdiction to address Risjan's instant claim. **See Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010) (stating that the PCRA's timeliness requirements are jurisdictional in nature and a court may not address the merits of the issues raised if the PCRA petition was not timely filed); **Commonwealth v. Chester**, 895 A.2d 520, 522 (Pa. 2006) (same). Even if Risjan had alleged in the PCRA Petition that his sentence under section 9718(a)(1) met the newly recognized constitutional right time bar exception of section 9545(b)(1)(iii) in light of the **Alleyne** decision, this Court has held that such right is not applicable retroactively to cases on collateral review. **See Commonwealth v. Miller**, 102 A.3d 988, 995 (Pa. Super. 2014) (stating that "[e]ven assuming that **Alleyne** did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that **Alleyne** is to be applied retroactively to cases in which the judgment of sentence had become final.") (emphasis omitted). Additionally, though a claim concerning **Alleyne** goes to the legality of sentence, and "illegal sentencing issues cannot be waived, they still must be presented in a timely PCRA petition." **Commonwealth v. Taylor**, 65 A.3d 462, 465 (Pa. Super. 2013).

Accordingly, we conclude that the PCRA court properly denied the PCRA Petition as untimely-filed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/28/2015